UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert C. Burgess, Jr., # 88539-071, *Albert Charles Burgess, Jr.,* <br><br> Petitioner, <br><br> vs. <br><br> Harley Lappin, Director, Federal BOP; Warden, Marianna FCI, <br><br> Respondents. | ) C/A No. 2:11-2074-CMC-BHH <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

The petitioner, Albert C. Burgess, Jr. ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at the Federal Correctional Institution at Marianna, Florida. The petition for habeas relief attacks a state conviction used to enhance the federal sentence Petitioner is currently serving. Petitioner's habeas petition should be dismissed.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 ; *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Marianna, Florida. The petition reveals Petitioner was sentenced to a federal prison term on August 10, 2010. The United States Courts' Pacer database reveals that the sentencing court was the Western District of North Carolina, in Case Number 1:09-17-GCM-DLH-1, and that the sentence totaled two hundred ninety-two (292) months, with sentences on two counts to run concurrently. The docket shows that Petitioner filed a Motion to Amend [or] Correct Sentence on July 28, 2011. That motion is still pending on the docket. The docket does not reflect that Petitioner has filed a motion pursuant to 28 U.S.C. § 2255.

Petitioner filed the instant § 2241 petition in the District of Columbia. The case has been transferred to this court pursuant to an order of the District of Columbia dated July 18, 2011.

Discussion

The grounds raised in the § 2241 petition attack a state court conviction that was used to enhance the federal sentence that Petitioner is currently serving. The petition claims the state court conviction violates several of Petitioner's constitutional rights. Petitioner is asking this court to overturn a South Carolina state court conviction, rendered in 1985, that was used to enhance his current federal sentence. The writ of habeas corpus pursuant to § 2241 is not available for such relief in this case.

The United States Supreme Court, in addressing the issue of a defendant challenging prior state convictions used to enhance a federal sentence, reasons:

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [citations and footnote omitted]. These vehicles for review, however, are not available indefinitely and without limitation. ... If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse.

*Daniels v. United States*, 532 U.S. 374, 381-382 (2001). Thus, Petitioner's collateral attack of a state conviction used to enhance his federal sentence is not available through 28 U.S.C. § 2241. Once the state conviction becomes final, "either because he failed to pursue otherwise available remedies or because he failed to prove a constitutional violation," Petitioner is "not entitled to another bite at the apple simply because that conviction is later used to enhance another sentence." *Id.* at 383. Although *Daniels* is decided in the context of a collateral attack of a state conviction pursuant to 28 U.S.C. § 2255, the reasoning is applicable to a collateral attack of a state conviction

3

through 28 U.S.C. § 2241. Specifically, the *Daniels* court reasons that a collateral attack of prior state convictions through § 2255, "would effectively permit challenges far too stale to be brought in their own right, and sanction an end run around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly. Nothing in the Constitution or our precedent requires such a result." *Id.* The Petitioner's collateral attack of his state conviction used to enhance his federal sentence should be dismissed.

Additionally, the petition should be dismissed because Petitioner's claims are cognizable under 28 U.S.C. § 2255, not 28 U.S.C. § 2241. A petition under § 2241 is available for a federal prisoner to collaterally attack his sentence, only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). It is not clear why Petitioner has not filed a motion under § 2255. In any case, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted); *see also In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*). Nonetheless, the Fourth Circuit has concluded, "there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In only one scenario has the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law

> changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. As Petitioner's claim fails to meet this criteria, he is precluded from relief under § 2241, and his petition should be dismissed.

<u>Recommendation</u>

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file an answer. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks  
United States Magistrate Judge

August 25, 2011  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).