IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Albert Charles Burgess, Jr., | ) | C/A NO. 2:11-2074-CMC-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Harley Lappin, Director, Federal BOP; | ) | |
| Warden, FCI - Marianna,[1] | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus *ad subjuciendum*, transferred to this Court by Judge Colleen Kollar-Kotelly of the United States District Court for the District of Columbia. When filed in the District of Columbia, this petition was construed as a petition for relief under 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, upon its transfer, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial proceedings and a Report and Recommendation ("Report"). On August 25, 2011, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without service on Respondents. The Magistrate Judge advised Petitioner of the procedures and

---

[1] The petition lists "Harley Lappin, Director, Federal Bureau of Prisons" as one of the Respondents in this matter. *See* Pet. at 1 (ECF No. 1, filed June 27, 2011). However, the only proper respondent in a habeas petition is the "person having custody of the person detained." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). In challenges to physical confinement, the proper respondent is the Warden of the facility where the petitioner is confined, "not the Attorney General or some other remote supervisory official." *Id*. at 435. Petitioner was housed at FCI-Marianna, Florida, when he filed this petition.

1

requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on September 15, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that this matter should be dismissed without prejudice.

Petitioner contends in his objections that the writ of habeas corpus *ad subjiciendum* has been "available under precedent over 500 years old. It clearly states that is what this particular writ is for." Obj. at 1 (ECF No. 12, filed Sept. 15, 2011). Petitioner cites *Rasul v. Bush*, 542 U.S. 466 (2004), for the proposition that a writ of habeas corpus *ad subjiciendum* is the proper vehicle to challenge his allegedly defective 1985 State of South Carolina convictions. However, the citation to *Rasul* is inapposite to this matter, as the only reference to the writ of habeas corpus *ad subjiciendum* relates to a discussion regarding the historical "relevance of the sovereign-subject relationship to the scope of the writ." *Rasul*, 542 U.S. at 504 (Scalia, J., dissenting).

A petition for a writ of habeas corpus *ad subjiciendum* seeks the issuance of what is commonly understood as the "Great Writ" of habeas corpus at common law, the petition used by prisoners to challenge the constitutionality of their convictions and sentences. *Stantini v. United States*, 986 F. Supp. 736, 739 (E.D.N.Y. 1997). However, "for the meaning of the term habeas corpus, resort may unquestionably be had to the common law; but the power to award the writ by any of the courts of the United States, must be given by written law." *Carbo v. United States*, 364 U.S. 611, 614 (1961) (citing *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 92-93 (1807)). A motion under 28 U.S.C. § 2255 is "in every respect the progeny of the common law writ of habeas corpus permitting it to be entertained in a 'more convenient forum.'" *Stantini*, 986 F. Supp. at 740 (quoting *United States v. Hayman*, 342 U.S. 205, 219 (1952)). Indeed, "§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."[2] *Davis v. United States*, 417 U.S. 333, 343 (1974).

Petitioner contends that he is "being held in custody unlawfully based on a South Carolina conviction which is legally invalid by law." Pet. at 1 (ECF No. 1). However, Petitioner is currently in custody based upon his conviction in the Western District of North Carolina of one count of possessing visual images of minors engaging in sexually explicit conduct, a violation of 18 U.S.C. § 2252(a)(4)(B), and one count of receiving visual depictions of minors engaging in sexually explicit activity that had been mailed and shipped in interstate commerce, a violation of 18 U.S.C. § 2252(a)(2). Petitioner was sentenced to a total of 292 months' imprisonment. Petitioner's real

---

[2]"Habeas corpus" as that term is commonly used "actually refers to the habeas corpus *ad subjiciendum*." *Fay v. Noia*, 372 U.S. 391, 399 n.5 (1963), *overruled on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991). *See also Stone v. Powell*, 428 U.S. 465, 475 n.6 (1976) ("It is now well established that the phrase 'habeas corpus' used alone refers to the common-law writ of habeas corpus *ad subjiciendum*, known as the 'Great Writ.'").

complaint is that his federal sentence was enhanced because of the allegedly infirm 1985 convictions, and that he is being "detained illegally past the Federal Sentencing Guidelines of 51 months." Pet. at 3.

A federal prisoner such as Petitioner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, with § 2241 petitions reserved for challenges to the execution of the prisoner's sentence. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir.1997). In limited circumstances, however, § 2255 is "inadequate or ineffective" to test the legality of the detention. In those cases, the prisoner "may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). In *Jones*, the Fourth Circuit Court of Appeals concluded that a § 2255 motion is inadequate or ineffective, and a § 2241 petition may be used to test the legality of a conviction, only when certain criteria are met. *See id.* at 333-34.[3]

Petitioner's application does not meet any of the criteria for the filing of a § 2241 petition. To the extent the current petition is more properly construed as a motion for relief under 28 U.S.C. § 2255, the District of South Carolina is not the proper venue.[4] *See* 28 U.S.C. § 2255(a) (prisoner to "move the court which imposed the sentence to vacate, set aside, or correct the sentence.).

---

[3]A Section 2255 motion is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of the circuit court of conviction or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re: Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

[4]Petitioner is well-versed in the filing requirements of a variety of actions in the courts, having filed over thirty (30) actions in this District alone.

Moreover, a § 2255 motion relating to his conviction in the Western District of North Carolina is premature, as Petitioner's direct appeal is currently pending before the Fourth Circuit Court of Appeals.

For these reasons, therefore, this court dismisses the petition without prejudice and without service on Respondents.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 18, 2011